**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-MC-23727-MOORE/Elfenbein

*In re* Application of

**THE NATIONAL FIRST INSTANCE COURT**
**NO. 10 IN BUENOS AIRES, ARGENTINA**,

     Applicant,

**Pursuant to 28 U.S.C. § 1782**
**for Judicial Assistance in Obtaining**
**Evidence for Use in a Foreign Proceeding**.
_____/

**ORDER GRANTING THE UNITED STATES OF AMERICA'S APPLICATION**
**FOR JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FOR**
**USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782**

**THIS CAUSE** is before the Court on the United States of America's (the "Government") Application for Judicial Assistance filed pursuant to 28 U.S.C. § 1782 (the "Application"), ECF No. [1]. In the Application, the Government informs the Court that it brings this action pursuant to a request made by the National First Instance Court No. 10 in Buenos Aires, Argentina (the "Argentinian Court"), relating to a civil breach of contract claim currently pending before it. *See id.*; ECF No. [1-6] at 2. The Argentinian Court captions the civil proceeding in question as *Rosana Isabel Cabrera v. Assist Card Argentina SA de Servicios*, Foreign Reference Number 1316/2021 (the "Civil Proceeding"). *See id.* The Honorable K. Michael Moore referred this matter to me "to take all necessary and proper action as required by law and/or for a Report and Recommendation with respect to the Application for Order Pursuant to 28 U.S.C. § 1782." ECF No. [3]. Having reviewed the Application, the record, and the relevant law, the Government's Application is **GRANTED**.

CASE NO. 24-MC-23727-MOORE/Elfenbein

**I.      BACKGROUND**

On February 26, 2018, the Plaintiff in the Civil Proceeding ("Plaintiff") fell at a Miami hotel, fracturing her arm. *See* ECF No. [1-3] at 5-6. On March 5, 2018, Plaintiff underwent surgery at Gables Surgical Center, which required a prosthesis. *See id.* at 6. The prosthesis used in Plaintiff's surgery cost $3,500.[1] *See id.* Plaintiff paid out of pocket for the prosthesis but later initiated the Civil Proceeding against her travel insurance provider to recoup the medical costs for treatment associated with the injury that the insurance provider refused to cover. *See id.* To expedite the resolution of the Civil Proceeding, the Argentinian Court, on July 1, 2024, transmitted its request for judicial assistance to the Offices of Foreign Litigation and International Judicial Assistance in the Civil Division of the United States Department of Justice pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140, which came in the form of a letter rogatory (the "Letter Rogatory"). *See* ECF No. [1-3] at 21; ECF No. [1-6] at 2.

In the Letter Rogatory, the Argentinian Court stated it was seeking the Government's assistance in (1) acquiring Plaintiff's medical records from Gables Surgical Center that relate to Plaintiff's March 5, 2018 surgery and (2) confirming the amount Gables Surgical Center was paid for treating Plaintiff's arm fracture and who actually paid for Plaintiff's treatment. *See id.* at 6, 11. The Government, acting upon the Letter Rogatory, sent a letter to Gables Surgical Center on July 8, 2024, requesting the information sought by the Argentinian Court. *See* ECF NO. [1-5] at 2-3; ECF No. [1-6] at 3. On July 17, 2024, the Government received an email from Gables Surgical Center's billing office containing Plaintiff's billing records; the billing office confirmed that the

---

[1] This monetary figure is stated in United States Dollars. *See* ECF No. [1-3] at 6.

Government would receive Plaintiff's medical records in a separate correspondence.  *See* ECF No. [1-5] at 9-10; ECF No. [1-6] at 3.

On July 25, 2024, the Government received a letter from Gables Surgical Center, stating that the Center could not locate Plaintiff's medical records but that it would conduct another search for Plaintiff's medical records if the Government provided it "with the following information: date of birth, treatment types and dates, attending physicians, the specific outpatient department in which the patient was seen, or other names under which the patient might have been admitted." ECF No. [1-6] at 3; *see* ECF No. [1-5] at 14.  On July 29, 2024, the Government sent Gables Surgical Center a letter, asking it to recheck its records for Plaintiff's medical records because it had already provided the requested information in its first correspondence to the Center.  *See* ECF No. [1-5] at 16-18; ECF No. [1-6] at 3.  After waiting approximately three weeks and receiving no response, the Government, on August 22, 2024, sent a second letter seeking Gables Surgical Center's assistance in acquiring Plaintiff's medical records.  *See* ECF No. [1-5] at 23-25; ECF No. [1-6] at 3.  The Government then sent the Center a third letter on September 18, 2024.  *See* ECF No. [1-5] at 30-31; ECF No. [1-6] at 3.  As of September 27, 2024, Gables Surgical Center failed to provide the Government with Plaintiff's medical records, prompting the Government to apply for the Court's assistance in retrieving the information the Argentinian Court requested.  *See* ECF No. [1-6] at 3.

## II.     LEGAL STANDARDS

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  The "history of Section 1782 reveals Congress' wish to strengthen the power of district courts to respond to requests for international

assistance." *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) (emphasis and quotation marks omitted).

"A district court has the authority to grant an application for judicial assistance if the following statutory requirements in § 1782(a) are met: (1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." *In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007) (footnote omitted) (quoting § 1782(a)). "If these requirements are met, then § 1782 'authorizes, but does not require, a federal district court to provide assistance.'" *Id.* at 1332 (quoting *Intel*, 542 U.S. at 255); *see also United Kingdom v. United States*, 238 F.3d 1312, 1319 (11th Cir. 2001) ("[A] district court's compliance with a § 1782 request is not mandatory.").

"Once the prima facie [statutory] requirements are satisfied, the Supreme Court in *Intel* noted these factors to be considered in exercising the discretion granted under § 1782(a): (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' because 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is otherwise 'unduly intrusive or burdensome.'" *In*

re Clerici, 481 F.3d at 1334 (quoting *Intel*, 542 U.S. at 264–65).  None of these factors is required or automatically dispositive — they simply "bear consideration in ruling on a § 1782(a) request." *See Intel*, 542 U.S. at 264.  In fact, even if a court concludes an application contains "unduly intrusive or burdensome requests," it may still exercise its discretion to grant the application because those specific requests "may be rejected or trimmed." *Id.* at 265.

Finally, though the Supreme Court has not specifically listed it as a factor in the analysis, sometimes courts look at how granting or denying a § 1782 application would impact international comity concerns.  That's because "the animating purpose of § 1782 is comity: Permitting federal courts to assist foreign and international governmental bodies promotes respect for foreign governments and encourages reciprocal assistance." *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 632 (2022); *see also In re Pimenta*, 942 F. Supp. 2d 1282, 1289 (S.D. Fla. 2013) (noting "the twin aims of the statute: providing an efficient means of assistance to participants in international litigation and encouraging foreign countries to provide reciprocal assistance to our courts").

**III.   DISCUSSION**

    **A.   <u>Applicant Has Met the Four Requirements of § 1782</u>**

As noted above, the four factors set out in the statute govern the first step in the § 1782 analysis.  *See In re Clerici*, 481 F.3d at 1331-32.  Here, the Government has met each of them.

First, the Argentinian Court — an "international tribunal[]" — is making a request for judicial assistance through the Government. *In re Clerici*, 481 F.3d at 1331 (quoting § 1782(a)); *see* ECF No. [1-6] at 2.  Second, the Argentinian Court's request "seek[s] evidence," namely the production of "a document or other thing." *In re Clerici*, 481 F.3d at 1331-32 (quoting § 1782(a)); *see* ECF No. [1-3] at 6, 11.  Third, the evidence the Argentinian Court seeks is "for use in a proceeding in a foreign or international tribunal." *See* § 1782(a); *In re Clerici*, 481 F.3d at 1332;

ECF No. [1-3] at 6, 12. Finally, the Argentinian Court seeks evidence from Gables Surgical Center, whose "subpoena processing center is located" in Miami, Florida, ECF No. [1-6] at 6 n. 2; in other words, the entity from which the Argentinian Court seeks the evidence "resides or is found" in this District, § 1782(a); *see Matter of ex parte Petition for Jud. Assistance Pursuant to 28 U.S.C. § 1782*, No. 20-CV-8444, 2020 WL 6129607, at *2 (D.N.J. Oct. 19, 2020).

For the foregoing reasons, the Court finds that the Argentinian Court — applying for judicial assistance through the Government — has satisfied the four statutory factors under § 1782.

### B.     The *Intel* Factors Weigh In Favor of Granting the Application

Once the statutory requirements are satisfied, the discretionary factors the Supreme Court set out in *Intel* govern the second step in the § 1782 analysis. *See* 542 U.S. at 264-65; *In re Clerici*, 481 F.3d at 1334. Here, each of the four *Intel* factors weighs in favor of granting the Application.

First, Gables Surgical Center — the entity from which the discovery is sought — is not a participant in the Civil Proceeding and appears to be outside the Argentinian Court's jurisdictional reach. *See Intel*, 542 U.S. at 264; *In re Clerici*, 481 F.3d at 1334; ECF No. [1-5] at 8.

Second, the fact that the Argentinian Court initiated the instant request for judicial assistance weighs in favor of disclosing the evidence sought. *See Intel*, 542 U.S. at 264; *Clerici*, 481 F.3d at 1334; ECF No. [1-6] at 8-9; *see also In re Request for Int'l Jud. Assistance from the Norrkoping Dist. Ct., Sweden*, 219 F. Supp. 3d 1061, 1063 (D. Colo. 2015) ("Moreover, as the entity who made the request, the Swedish court is itself seeking U.S. federal-court judicial assistance. (quotation omitted)).

Third, as noted by the Government, "because the requester is the Argentin[ian] Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Argentin[ian] discovery rules or to thwart policies of Argentina." ECF No. [1-6] at 9 (citation

omitted); *Intel*, 542 U.S. at 265; *In re Clerici*, 481 F.3d at 1334; *see also In re Request for Jud. Assistance from the Dist. Ct. in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 529 (E.D. Va. 2010) ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy." (citation omitted)).

Finally, there is nothing in the record to suggest that the Argentinian Court's request is unduly intrusive or burdensome. *See Intel*, 542 U.S. at 265; *In re Clerici*, 481 F.3d at 1334. When one considers that medical centers regularly produce medical records during the normal course of business and the records sought relate to the treatment of one patient's arm fracture, the Court concludes that the Argentinian Court's request is neither unduly intrusive nor burdensome.

For the foregoing reasons, the Court finds that all four *Intel* factors weigh in favor of granting the Application.

C. **Granting the Application Would Further the Policy Underlying § 1782**

As a final consideration, the Court evaluates whether granting the Application would further the policy underlying § 1782, which is to encourage international comity. *See ZF Auto.*, 596 U.S. at 632; *In re Pimenta*, 942 F. Supp. 2d at 1289. Allowing the Argentinian Court to marshal the power of our judicial system to assist it in gathering evidence for use in the Civil Proceeding aligns with "Congress' wish to strengthen the power of district courts to respond to requests for international assistance." *See Consorcio Ecuatoriano*, 747 F.3d at 1269 (emphasis and quotation marks omitted). And it would certainly "encourage[e] foreign countries to provide reciprocal assistance to our courts." *See In re Pimenta*, 942 F. Supp. 2d at 1289. As a result, the Court finds that granting the Application would further the international comity concerns that underlie § 1782.

IV. **CONCLUSION**

Because the Argentinian Court, applying through the Government, has satisfied the four statutory factors under § 1782, all four *Intel* factors weigh in favor of granting the Application, and granting the application would further the international comity policy underlying § 1782, it is **ORDERED and ADJUDGED** as follows:

1. The Application, **ECF No. [1]**, is **GRANTED**.

2. **Krysta M. Stanford**, Trial Attorney for the U.S. Department of Justice, is hereby **APPOINTED** Commissioner of this Court, to obtain by subpoena the requested evidence from Gables Surgical Center for transmission to the National First Instance Court No. 10 in Buenos Aires, Argentina in *Rosana Isabel Cabrera v. Assist Card Argentina SA de Servicios* and to do all else that may be necessary for the accomplishment of the purpose of this Order.

3. **Krysta M. Stanford** is authorized to issue subpoenas for documents in the form of the subpoena attached to the Application as Exhibit 2, ECF No. [1-4], to Gables Surgical Center.

4. Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure.

5. The Court reserves jurisdiction to enter further orders that are necessary and proper to enforce this Order.

6. The Government shall file a status report **on or before January 3, 2024**, indicating the status of the discovery identified in the Application and whether this matter may be closed.

CASE NO. 24-MC-23727-MOORE/Elfenbein

7. The Government shall provide Gables Surgical Center in Miami, Florida, with a copy of this Order.

**DONE and ORDERED** in Chambers in Miami, Florida, on November 1, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:   Counsel of Record